IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

        Plaintiff,                        No. CIV S-06-2936 LKK GGH P

    vs.

D. HICKINSON, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Named as defendants are D. Hickinson, J. Rhoden, N. Hardy, T. Carey, J. Nuehring, N. Fry, Sergeant Terrazas, J. Herrera, M. Melgoza and O. Crawford.

Plaintiff alleges that his job supervisor, D. Hickinson, verbally sexually harassed him while he was working. Plaintiff goes on to allege that he was retaliated against for complaining about the sexual harassment. In particular, plaintiff alleges that after he told defendant Rhoden that he was going to write a staff complaint against defendant Hickinson for the harassment, defendant Hickinson filed a rules violation report against plaintiff for disruptive conduct. Plaintiff was found not guilty of these charges. Defendant Hickinson also dismissed plaintiff from his job. Defendants Fry and Herrera later placed plaintiff in administrative segregation based on his staff complaint. Plaintiff alleges that defendants' conduct violated his constitutional rights as well as state law.

It is unclear at this time the extent to which verbal sexual harassment is actionable when it occurs in prison. Therefore, plaintiff's claims for sexual harassment against defendant Hickinson are deemed presently colorable.

In order to succeed on a claim of retaliation, plaintiff must demonstrate five elements: 1) an assertion that a state actor took some adverse action against him, 2) because of, 3) the prisoner's protected conduct; and that such action, 5) chilled the inmate's exercise of his First Amendment rights, and 5 the action did not reasonably advance legitimate correctional goals. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). If the prisoner does not allege a chilling effect, allegations that he suffered more than minimal harm will almost always have a chilling affect. Id., n. 11.

Plaintiff has stated a colorable retaliation claim against defendant Hickinson based on his removal from his job. Plaintiff cannot base his retaliation claim on the rules violation report as those charges were dismissed. Plaintiff has also stated a colorable retaliation claim against defendants Fry and Herrera based on their placement of plaintiff in administrative segregation.

Plaintiff has not linked the remaining defendants to the alleged deprivations.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Hardy, Rhoden, Carey, Nuehring, Terrazas, Melgoza and Crawford to the alleged deprivations, the claims against these defendants are dismissed with leave to amend.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3       In accordance with the above, IT IS HEREBY ORDERED that:
4       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
5       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6 The fee shall be collected and paid in accordance with this court's order to the Director of the
7 California Department of Corrections and Rehabilitation filed concurrently herewith.
8       3.  Plaintiff's claims against defendants Hardy, Rhoden, Carey, Nuehring,
9 Terrazas, Melgoza and Crawford are dismissed for the reasons discussed above, with leave to file
10 an amended complaint within thirty days from the date of service of this Order.  Failure to file an
11 amended complaint will result in a recommendation that these defendants be dismissed from this
12 action.
13       4.  Upon filing an amended complaint or expiration of the time allowed therefor,
14 the court will make further orders for service of process upon some or all of the defendants.
15 DATED: 3/16/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

19 mor2936.b