IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

    Plaintiff,                  No. CIV S-06-2936 LKK GGH P

    vs.

D. HICKISON, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' September 26, 2007, motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. After carefully reviewing the record, the court recommends that defendants' motion be granted in part and denied in part.

II. Plaintiff's Claims

    This action is proceeding on the original complaint filed December 29, 2006, as to defendants Hickison, Fry and Herrera.[1]

---

[1] The claims against the other defendants named in the complaint have been dismissed.

1

Plaintiff alleges that on May 18 or 19, 2005, defendant Hickison made sexually inappropriate comments to him at his prison job. Plaintiff also alleges that defendant rubbed and touched his back. See Complaint, p. 5: 4-5, p. 15. On May 24, 2005, defendant Hickison started yelling at inmate workers to get the carts out and take them to the building. Plaintiff told defendant's supervisor that this could not be done. Defendant Hickison told plaintiff that she would write him a chrono and give him an "A" day. She did not say that she was going to file a rules violation report against him.

On May 24, 2005, defendant Hickison was informed that plaintiff was going to file a staff complaint against her based on the sexual harassment. On May 25, 2005, defendant Hickison retaliated against plaintiff for his threat to file the staff complaint by dismissing him from his job and writing a false rules violation report. Plaintiff was later found not guilty of the rules violation report.

Plaintiff alleges that on June 20, 2005, defendants Fry and Herrera retaliated against plaintiff for pursuing his staff complaint against defendant Hickison by putting him in administrative segregation (ad seg). On August 12, 2005, defendant Fry retaliated against plaintiff again by placing a negative chrono in his C-file. Plaintiff was later transferred to a different prison.

As legal claims, plaintiff alleges violation of the California Fair Employment and Housing Act (FEHA) and Title VII. Plaintiff also alleges that defendants violated his constitutional rights under the Equal Protection Clause, violated his right to due process and retaliated against him for exercising his First Amendment rights. The court also construes the complaint to state an Eighth Amendment claim against defendant Hickison based on her alleged sexual harassment of plaintiff.

III. Administrative Remedies

Defendants argue that plaintiff failed to exhaust his administrative remedies as to the claims against defendants Fry and Herrera.

1  42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Plaintiff filed one relevant administrative appeal which requires discussion, CSP-S-05-1528.

The first level appeal filed in 05-1528 in early June 2005 contained plaintiff's allegations regarding defendant Hickison's alleged sexual harassment.  See Complaint, p. 27. Associate Warden Hardy responded to this appeal on July 19, 2005.  Id., p. 34-35.  On August 8, 2005, plaintiff submitted his appeal to the next level of review.  Id., p. 28.  Plaintiff wrote in his appeal that he was dissatisfied with the lower level response.  Id.  Plaintiff included no allegations against defendants Fry or Herrera.  Id.

On November 18, 2005, plaintiff received a second level response addressing his claims against defendant Hickison.  Complaint, p. 34.  Plaintiff then filed a third level, i.e.

3

1  Director's Level, appeal. <u>Id.</u>, p. 33. In this appeal, plaintiff included his claims against
2  defendants Herrera and Fry. <u>Id.</u> The Director's Level response addressed only the allegations
3  against defendant Hickison. <u>Id.</u>, p. 36-37.

4        Defendants argue that appeal no. 05-1528 did not exhaust the administrative
5  remedies as to the claims against defendants Herrera and Fry because plaintiff did not raise these
6  claims until he filed the Director's Level appeal. Defendants observe that plaintiff could not
7  have raised his claims against these defendants in the first level appeal because the at-issue
8  events had not occurred yet. When plaintiff filed the second level appeal, he had been placed in
9  ad seg by defendants, but defendant Fry had not yet issued the allegedly retaliatory chrono. Nor
10 had he been transferred.

11       In support of their argument, defendants cite two cases, <u>Ramirez v. Bray</u>, 2005
12 WL 2249900, No. C 04-3769 MMC PR (N.D. Cal.) and <u>Burgess v. Pliler</u>, 2006 WL 278588, No.
13 CIV S-03-0643 GEB GGH P (E.D. Cal.). In <u>Ramirez</u>, the plaintiff raised a claim alleging
14 excessive force and unrelated retaliation claims. 2005 WL 2249900 * 1. The District Court
15 found that the retaliation claims raised for the first time in the Director's Level appeal were
16 unexhausted:

17       As there is no indication that any of the earlier levels, specifically, the informal, first formal, and second formal levels of review were not "available" to plaintiff
18       for purposes of pursing this claim, plaintiff's failure to pursue his claim at those levels demonstrates that plaintiff did not exhaust all of his "available
19       administrative remedies" as required by the PLRA. 42 U.S.C. § 1997e(a).

20 <u>Id.</u> at * 3.

21       <u>Ramirez</u> did not address the specific issue raised in this case: whether a prisoner
22 who files an administrative appeal, and then experiences retaliation for filing the appeal, must
23 file a new appeal for his related retaliation claim. This court does not think so. Requiring the
24 inmate to file a new round of appeals with his related retaliation claims does not make sense.
25 This is especially true when the inmate alleges repeated instances of retaliation, as in the instant
26 case. If the court agreed with defendants, then plaintiff would possibly have filed four additional

4

appeals – one alleging retaliation for being fired from his job, the second alleging retaliation for being placed in ad seg, the third alleging retaliation for the August 12, 2005, chrono and the fourth alleging retaliation for the transfer. Requiring plaintiff to file these separate appeals does not make sense particularly because an examination of the retaliation claims generally requires prison officials to consider the claims raised in the original appeal as background to the alleged retaliation.

Burgess, supra, cited by defendants is also distinguishable. In Burgess, this court found that claims raised against two defendants were not exhausted because they involved incidents arising after plaintiff initiated the grievance procedure. The claims against these two defendants (King and Rodgers) were unrelated to the claims against the other defendants, i.e. they did not involve related retaliation claims.

Because plaintiff gave prison officials notice in the Director's Level appeal that he was alleging retaliation for filing the grievance, the court finds that he adequately exhausted his retaliation claims against defendants Herrera and Fry. Cf. also Gomez v. Winslow, 177 F.Supp.2d 977 (N.D. Cal.) (prisoners are not required to file and exhaust a separate grievance each time they allegedly receive inadequate medical care for an ongoing medical problem). Accordingly, defendants' motion to dismiss the claims against defendants Herrera and Fry as unexhausted should be denied.

IV.   Failure to State a Claim

   A.   Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

B. <u>Title VII and FEHA</u>

Defendants move to dismiss plaintiff's claims brought pursuant to Title VII and FEHA on several grounds including plaintiff's failure to exhaust administrative remedies.

To establish federal subject matter jurisdiction, a plaintiff must exhaust administrative remedies before seeking adjudication of a Title VII claim. To exhaust

1 administrative remedies under Title VII, a complainant must file a timely charge with the EEOC,
2 allowing the agency time to investigate the charge. Lyons v. England, 307 F.3d 1092, 1103-04
3 (9th Cir.2002). Obtaining a "right to sue" letter is likewise a prerequisite for filing suit or
4 obtaining judicial relief under California's FEHA. Romano v. Rockwell Int'l, Inc., 14 Cal.4th
5 479, 492, 59 Cal.Rptr.2d 20 (1996).

Plaintiff did not exhaust his administrative remedies for either his Title VII or FEHA claim. See Defendants' request for judicial notice, Baldonado Declaration, and Exhibit B. In his opposition to the pending motion, plaintiff admits that he did not exhaust his administrative remedies for these claims, but suggests that filing prison grievances is adequate exhaustion. The filing of prison grievances did not adequately exhaust plaintiff's Title VII and FEHA claims. Accordingly, these claims should be dismissed.

Defendants move to dismiss plaintiff's Title VII and FEHA claims on other grounds. However, because it is clear that these claims are not exhausted, the court need not reach these other arguments.

C. Constitutional Claims

*Equal Protection*

Defendants move to dismiss plaintiff's Equal Protection claim. The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).

Defendants argue that plaintiff does not allege that he was treated differently from any similarly situated inmates. The court agrees. The complaint contains no allegations that plaintiff was treated differently than similarly situated inmates. Accordingly, the motion to dismiss plaintiff's Equal Protection claim should be granted.

/////

*Due Process*

Defendants construe the complaint to be stating a claim that plaintiff's right to due process was violated when he was placed in ad seg.

A prisoner may challenge a state action that does not restrain a protected liberty interest but which "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). In May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), the Ninth Circuit held that placement in administrative segregation pending a disciplinary hearing fell within the terms of confinement ordinarily contemplated by the prisoner's sentence and there were no allegations showing that the conditions in segregation were unconstitutional.

Like the inmate in May v. Baldwin, plaintiff was placed in ad seg for non-punitive reasons. Plaintiff also does not claim that the conditions of ad seg were unconstitutional. Nor does plaintiff actually describe any process he failed to receive in connection with his placement in ad seg. For these reasons, the court finds that plaintiff has failed to state a colorable due process claim regarding his placement in ad seg. Accordingly, defendants' motion to dismiss this claim should be granted.

Defendants construe the complaint to be alleging that defendant Hickison violated plaintiff's right to due process when she fired him from his job and issued the rules violation report of May 25, 2005. The court does not construe the complaint to make due process claims regarding these incidents. Rather, plaintiff is alleging that defendant Hickison retaliated against plaintiff for threatening to file a staff complaint against her by firing him from his job and issuing the rules violation report.

Defendants also construe the complaint to be alleging that defendant Fry violated his right to due process by placing the chrono in his C file. The court does not construe the complaint to make a due process claim regarding this incident. Rather, plaintiff is alleging that defendant Fry issued this chrono in retaliation for plaintiff's threat to file a staff complaint

1 against defendant Hickison.

2 Defendants also construe the complaint to allege that plaintiff's due process rights
3 were violated when he was transferred to another institution. The court does not construe the
4 complaint to state such a claim.

*Retaliation*

6 In order to succeed on a claim of retaliation, plaintiff must demonstrate five
7 elements: 1) an asserted that a state actor took some adverse action against him, 2) because of, 3)
8 the prisoner's protected conduct, and that such action, 4) chilled the inmate's exercise of his First
9 Amendment rights; and 5) the action did not reasonably advance legitimate correctional goals.
10 Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). If the prisoner does not allege a chilling
11 effect, allegations that he suffered more than minimal harm will almost always have a chilling
12 affect. Id., n. 11.

13 Plaintiff alleges that on May 25, 2002, defendant Hickison fired him from his job
14 in retaliation for his threat to file a grievance against her for sexually harassing him. Defendants
15 argue that the allegations in the complaint demonstrate that plaintiff was fired from his job for
16 disobeying an order and becoming loud and argumentative rather than for retaliatory reasons.

17 Attached to the complaint as an exhibit is a copy of the rules violation report filed
18 by defendant Hickison. Complaint, pp. 21-25. She charged plaintiff with disruptive behavior on
19 May 24, 2005. The rules violation report state that plaintiff refused an order and became loud
20 and argumentative. Id., p. 23. At the disciplinary hearing, plaintiff testified that defendant told
21 him to push some carts to the buildings. Id., p. 18. Plaintiff told defendant that he could not do
22 that because the laundry was coming back. Id. Defendant's supervisor testified that although he
23 did not witness the incident, plaintiff was a good worker. Id., p. 19. Other inmates testified that
24 plaintiff did not raise his voice or do anything to warrant dismissal from the job. Id., p. 20. An
25 inmate testified that defendant Hickison was "in one of her moods, out of control." Id., p. 20.
26 Plaintiff was found not guilty of the charges.

Whether defendant Hickison had good cause to fire plaintiff for disobeying an order and being disruptive is not at all clear from the rules violation report. Plaintiff has plead sufficient facts suggesting that the motive for the firing was retaliatory rather than based on his misconduct. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliation claim sufficiently pled); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992 (2002) (holding a complaint sufficinet under "liberal notice pleading of Rule 8(a)" because it gave fair notice of the plaintiff's claims).

Defendants also argue that defendant Hickison merely requested that plaintiff be referred to the classification committee for removal from the job and that she had no authority to remove him from the job. While this may be true, plaintiff is claiming that she recommended his removal based on false allegations that he disobeyed an order and was argumentative. The classification committee relied on these allegations to remove him from the job. These allegations state a colorable retaliation claim.

Defendants argue that plaintiff has not stated a colorable retaliation claim against defendants Herrera and Fry based on the claim that they placed him in ad seg on June 20, 2005, for filing his grievance against defendant Hickison. Defendants also argue that plaintiff has not stated a colorable retaliation claim against defendant Fry for the chrono she placed in his file on August 12, 2005, or that he was transferred in retaliation for filing the grievance.

A copy of the August 12, 2005, chrono is attached to the complaint:

> You were placed in the Administrative Segregation Unit on 6/20/05 after you made allegations of staff misconduct by with [sic] your work supervisor, Ms. Hickison. Specifically, you claimed that she had attempted to coerce an over familiar relationship with you. The investigation confirmed that your allegations were complete fabrications, and that you had solicited other inmates to lie about Ms. Hickison's actions to substantiate your allegations. Your actions negatively affected an employee's work assignment and the institution's ability to provide routine services to the inmate population by that unit. If successful, your false allegations could have resulted in the employee's termination of employment.
>
> A thorough review of all of the documentation revealed that there was insufficient information to support a finding of guilt in a disciplinary hearing, therefore no charges will be filed against you. However, the information is sufficiently

> credible to demonstrate your willingness to significantly jeopardize Ms. Hickison's welfare. Ms. Hickison has appropriately continued to work in her assignment in the Level II Clothing Distribution and your release to the general population at CSP-Solano will necessitate your contact with her. For this reason, your release to the general population at CSP-Solano poses a danger to the safety and welfare of an employee. You were retained in the ASU at MAXIMUM custody status, until your transfer to an alternate institution.

Complaint, p. 39.

According to the complaint, plaintiff was placed in ad seg after filing his grievance alleging that defendant Hickison made sexually inappropriate comments against him. Plaintiff was retained in ad seg after it was determined that his allegations against defendant Hickison were false. Plaintiff was transferred to a different prison based on the false allegations. The August 12, 2005, chrono apparently remains in his C file.

According to the chrono, plaintiff's false allegations against defendant Hickison were serious enough to warrant his transfer to another prison yet no disciplinary charges were filed because there was insufficient information to support a finding of guilt in a disciplinary hearing. The court is puzzled that plaintiff was not charged with making false charges against defendant Hickison, particularly since these "actions negatively affected an employee's work assignment and the institution's ability to provide routine services to the inmate population by that unit." In addition, "if successful, [the] false allegations could have resulted in the employee's termination of employment." These circumstances as well as the not guilty finding at the disciplinary hearing discussed above suggest that plaintiff's placement in ad seg and transfer were made for reasons other than to advance legitimate correctional goals. Plaintiff has pled sufficient facts to support his retaliation claims against defendant Herrera and Fry. See Austin, supra; Swierkiewicz, supra.

Finally, in his opposition to the pending motion plaintiff states that he is raising retaliation claims but not First Amendment claims. Retaliation claims are brought under the First Amendment. See Austin, 367 F.3d at 1171. Accordingly, the court disregards plaintiff's statement that he is not bringing First Amendment claims as he clearly intends to do so.

*Eighth Amendment*

As discussed above, the court construes the complaint to state an Eighth Amendment claim against defendant Hickison based on her alleged verbal sexual harassment of plaintiff. Plaintiff alleges that defendant Hickison made a comment about plaintiff getting lubricant for an "ass test." Defendant Hickison also allegedly discussed her sexual preferences with plaintiff and asked if plaintiff had ever "made it" with a heavy set woman or would like to "make it" with a heavy set woman. Plaintiff also alleges that defendant touched his arm and back.

Defendant has not moved to dismiss plaintiff's Eighth Amendment claim. While verbal harassment alone does not state an Eighth Amendment claim, see Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"), plaintiff claims that defendant Hickison touched him as well. Defendant Hickison is ordered to answer this claim.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the district court's order addressing these findings and recommendations, defendant Hickison shall file an answer to plaintiff's Eighth Amendment claim;

IT IS HEREBY RECOMMENDED that defendants' September 26, 2007, motion to dismiss be granted as to plaintiff's due process, equal protection, FEHA and Title VII claims; defendants' motion be denied in all other respects; defendants be ordered to file an answer addressing plaintiff's retaliation claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  05/30/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

8  mo2936.mtd