IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

    Plaintiff,                      No. CIV S-06-2936 LKK GGH P

  vs.

D. HICKISON, et al.,

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel and for sanctions filed March 5, 2009 (court file doc. 56). On March 5, 2009, plaintiff separately filed copies of the at-issue discovery requests and responses (court file doc. 57). On April 17, 2009, defendants filed an opposition (court file doc. 61). Also pending is plaintiff's March 5, 2009, motion to extend the discovery cut-off (court file doc. 55).

        After carefully reviewing the record, the court orders that plaintiff's motion to extend the discovery cut-off is denied. Plaintiff's motion to compel is denied in part and vacated in part.

/////

/////

Background

To put plaintiff's motion in context, the court will describe the claims on which this action is proceeding. This action is proceeding on the original complaint filed December 29, 2006, as to defendants Hickison, Fry and Herrera.[1]

Plaintiff alleges that on May 18 or 19, 2005, defendant Hickison made sexually inappropriate comments to him at his prison job. Plaintiff also alleges that defendant Hickison rubbed and touched his back. On May 24, 2005, defendant Hickison started yelling at inmate workers to get the carts out and take them to the building. Plaintiff told defendant's supervisor that this could not be done. Defendant Hickison told plaintiff that she would write him a chrono and give him an "A" day. She did not say that she was going to file a rules violation report against him.

On May 24, 2005, defendant Hickison was informed that plaintiff was going to file a staff complaint against her based on the sexual harassment. On May 25, 2005, defendant Hickison retaliated against plaintiff for his threat to file the staff complaint by dismissing him from his job and writing a false rules violation report. Plaintiff was later found not guilty of the rules violation report.

Plaintiff alleges that on June 20, 2005, defendants Fry and Herrera retaliated against plaintiff for pursuing his staff complaint against defendant Hickison by putting him in administrative segregation (ad seg). On August 12, 2005, defendant Fry retaliated against plaintiff again by placing a negative chrono in his C-file. Plaintiff was later transferred to a different prison.

As legal claims, plaintiff alleges that defendant Hickison violated his Eighth Amendment rights by sexually harassing him. Plaintiff also alleges that defendant retaliated against him for exercising his First Amendment rights.

---

[1] The claims against the other defendants named in the complaint have been dismissed.

2

Discussion

The motion to compel concerns defendants' responses to requests for production of documents, interrogatories and requests for admissions.

*Requests for Production of Documents-Herrera and Hickison*

Plaintiff alleges that defendants Herrera and Hickison failed to provide any documents in response to the requests for production of documents. However, plaintiff makes no argument regarding any specific objection made by defendants to the requests. Rather, he generally argues that "the majority of defendants' responses...are evasive and as such are deemed by law to be a failure." Motion to Compel, p. 4.

In the opposition, defendants argue that the motion to compel should be denied because plaintiff failed to articulate any specific justification or reason to support the motion to compel, except for his generalized statements set forth above. Defendants go on to address why their responses to each of the requests were appropriate.

In his May 5, 2009, reply to defendants' opposition, plaintiff lists each of the nine requests for production of documents made to defendants. He again argues that defendants failed to produce a single document. Plaintiff contends that their claim that they no longer have possession, custody or control over any documents is disingenuous. However, defendants did not raise this objection as to each of the nine requests for production addressed to them. In addition, defendants raised other objections that plaintiff has not discussed.

While the court understands that plaintiff is a state prisoner proceeding pro se, it is not the court's duty to review defendants' responses on plaintiff's behalf to determine whether any objections have merit. Rather, it is plaintiff's burden to demonstrate to the court that the objections have no merit. Because plaintiff has not met this burden, the motion to compel is denied with respect to the request for further responses to the requests for production of documents.

/////

*Interrogatories–Hickison and Herrera*

In the motion to compel, plaintiff argues that defendants Hickison and Herrera gave evasive responses to interrogatories nos. 9-12. Plaintiff again fails to address any specific objections by defendants to these interrogatories. The court observes that interrogatories nos. 9-12 are inappropriate because they seek information defendants are not required to disclose until they file their pretrial statement. See Fed. R. Civ. P. 16. For example, no. 9 asks defendants to describe each document they intend to present at trial. No. 10 and 11 asks defendants to state the name, address and telephone number of every person they intend to offer as a witness at trial, either in person or by deposition. No. 12 asks defendants to identify their expert witnesses. Defendants are not required to disclose the information sought in these interrogatories until they file their pretrial statement. Fed. R. Civ. P. 12.

Plaintiff also objects to defendant Hickison and Herrera's responses to interrogatories nos. 16 and 17 because their responses were evasive. Plaintiff again fails to address any specific objections by defendants to these interrogatories. In any event, defendants have made some valid objections to these interrogatories.

No. 16 asks defendants to identify each person who instructed them in how to interact with inmates. Defendants made several objections to this interrogatory including that it was vague and overbroad. Clearly, not all of defendants' training regarding how to interact with inmates is relevant to plaintiff's claims against them. Interrogatory no. 16 is overbroad.

Interrogatory no. 17 to defendant Hickison asked, "In the event you deny admission to plaintiff's request for admissions to defendant Hickison [set no. 1] in whole or in part, state each and every fact upon which your denial is based." Defendant posed several objections to this interrogatory, including that it was improper. The court agrees. It is improper to ask a defendant to explain his responses to an entire set of requests for admissions in one interrogatory.

/////

1  Plaintiff also objects to defendant Herrera's response to interrogatory no. 7 which
2  asked, "Please state each and every fact used to make the determination that plaintiff Morris
3  should be placed in administrative segregation on June 20, 2005, based on his allegation of staff
4  misconduct by defendant Hickison." In response, defendant Herrera made several objections.
5  Without waiving objections, defendant Herrera went on to respond that "[i]n accordance with
6  institution policies and procedures, inmate Morris made allegations of staff misconduct and he
7  was re-housed in administrative segregation to protect the integrity of the investigation because
8  he was deemed a threat to the safety and security of the institution."
9  In his reply, plaintiff argues that defendant Herrera's response to no. 7 is
10 inadequate because it fails to explain why he was placed in administrative segregation. The court
11 disagrees. The response states that plaintiff was placed in administrative segregation because he
12 was deemed a threat to the safety and security of the institution based on his allegations of staff
13 misconduct. Defendant has adequately answered this interrogatory.
14 Plaintiff also objected to defendant Herrera's response to interrogatory no. 13
15 which asked, "Please state each and every fact used to make the determination that plaintiff
16 Morris should not be placed in administrative segregation on May 31, 2005, based on his
17 allegation of staff misconduct by defendant Hickison..." Defendant made several objections to
18 this interrogatory including that it was confusing and non-sensical. The court agrees that this
19 interrogatory is confusing and non-sensical.

*Requests for Admissions–Hickison*

21 Plaintiff objects to defendant Hickisons's responses to request for admissions no.
22 25 which stated, "Admit that prior to May 25, 2005, Plaintiff Morris was not issued any CDC
23 128B chrono's (for poor work performance) while assigned to the Solano Prison Clothing
24 distribution." Defendant objected that the request was vague and ambiguous. Without waiving
25 objection, defendant Hickison responded that following a reasonable inquiry, she was without
26 sufficient knowledge to admit or deny this request because she is not currently employed by the

California Department of Corrections and Rehabilitation (CDCR) and lacks sufficient personal knowledge or recollection regarding plaintiff's chronos or CDC 128 forms.

Defendant Hickison's objection that she does not have sufficient knowledge to admit or deny request for admission no. 25 because she is no longer employed by CDCR is valid.

The court notes, however, that defendant Hickison, and for that matter all defendants, will not be permitted to vary from their "I don't know" responses, i.e., they will not be permitted to "get smart" just before motion filing or trial. If they do not have personal knowledge sufficient to answer the requests now, it would be a total abuse of the discovery process for these defendants to testify in terms of declarations or at trial to facts for which they presently disclaim knowledge.

*Requests for Admission–Herrera*

In the motion to compel, plaintiff argues that defendant Herrera refused to respond to request for admissions nos. 1-32, 45-59, 61 and 65. Plaintiff argues that defendant Herrera's responses are "deliberately evasive" because he has knowledge of the facts. Plaintiff does not address any of the specific responses by defendant Herrera to the at-issue requests.

In his reply to defendants' opposition, plaintiff specifically addresses request nos. 1-13, 26, 31 and 61. Plaintiff states that he is "waiving" his argument as to the other requests for admissions identified in the motion to compel. Accordingly, the court will address the requests for admissions plaintiff has specifically discussed in his reply.

Request no. 1 asked, "Admit that on May 31, 2005, plaintiff Morris filed a staff complaint against defendant Hickison for sexual misconduct via a CDC 602 appeal (Log No. 05-01528)." Defendant Herrera responded that he was without sufficient knowledge or readily obtainable information to either admit or deny this request because he did not work at the institution's appeal office, was not involved in the appeal and had no personal knowledge of the appeal. Request nos. 2-13 seek additional information regarding the appeal discussed in no. 1.

\\\\\

In the reply to defendants' opposition, plaintiff argues that defendant must have knowledge of the complaint because in response to a request for production of documents defendant produced a copy of this complaint. Plaintiff refers to his exhibit 28 which is a response to a request for production of document addressed to *all three* defendants. Apparently, in response to one of these requests defendants produced the at-issue complaint.

As stated above, defendants provided plaintiff with copies of the relevant complaint in response to a request for production of documents addressed to all three defendants. Therefore, defendant Herrera's objection to request for admission no. 1 that he has no knowledge of the complaint is valid, because either defendant Fry or Hickison could have responded to the request for production seeking the complaint.

Request for admission no. 26 asked, "Admit that on June 20, 2005, a hearing was conducted to adjudicate the CDC 115 written by Defendant Hickison against Plaintiff Morris (described in admission no. 15)." Defendant responded that the request was not relevant. Without waiving objection, defendant responded that he was without sufficient knowledge or readily obtainable information to either admit or deny this request because he was not involved and had no personal knowledge regarding the hearing for the Rules Violation Report.

In his reply to defendants' objections, plaintiff argues that in response to a request for production of documents, defendant produced the records from the at-issue disciplinary hearing. Plaintiff again refers to an exhibit which is a response to a request for production of document addressed to all three defendants. Apparently, in response to one of these requests defendants produced the at-issue records from the disciplinary hearing. Because the response to the request for production of documents was by all defendants, defendant Herrera's objection that he does not have knowledge of the disciplinary proceedings is valid.

Request no. 31 asks, "Admit that from May 31, 2005, through June 19, 2005, plaintiff Morris was <u>not</u> placed in administrative segregation at Solano Prison based on his allegations of staff misconduct against defendant Hickison." Defendant objected that this request

was not relevant, vague and ambiguous. Without waiving objections, defendant answered that he was without sufficient knowledge or readily obtainable information to either admit or deny this request because he had no personal knowledge or recollection of plaintiff's lack of placement in administrative segregation during that time.

In his reply to defendants' objections, plaintiff argues that defendant's claim that he has no knowledge of whether plaintiff was placed in administrative segregation between May 31, 2005, and June 19, 2005, is not true because on June 20, 2005, he directed that plaintiff be housed in administrative segregation by signing a form which designated him as the "segregation authority." Just because defendant Herrera signed a form as the "segregation authority" on June 20, 2005, placing plaintiff in administrative segregation on that day does not necessarily mean that he had any knowledge of plaintiff's prior housing segregation status. Plaintiff's argument that he did, based on this exhibit, is unmeritorious.

Request no. 61 asked, "Admit that the document(s) attached hereto as exhibit 3 are true and correct copies of CDC 602 Appeal, dated May 31, 2005, and responses (Log No. CSP-S-05-01528), and said document(s) is entitled to be admitted in evidence herein pursuant to Rule 803(6), Federal Rules of Evidence." Defendant objected that this request was compound and not relevant. Without waiving objection, defendant responded that he was without sufficient knowledge to admit or deny the request because he did not create, was not a recipient of and did not have personal knowledge of the documents plaintiff attached to the request as exhibit 3.

Plaintiff argues that defendant Herrera has personal knowledge of the document referred to in request no. 61 because he produced it in response to a request for production of documents. Plaintiff refers to an exhibit which is a response to a request for production of document addressed to all three defendants. Apparently, in response to one of these requests defendants produced the at-issue documents.

As stated above, defendants provided plaintiff with copies of the at-issue documents in response to a request for production of documents addressed to all three

defendants. Therefore, defendant Herrera's objection that he has no knowledge of the grievances is valid, because either defendant Fry or Hickison could have responded to the request for production seeking the documents.

*Defendant Fry*

For the following reasons, the motion to compel as to defendant Fry is vacated and plaintiff is directed to re-file his motion.

On January 16, 2009, the court granted defendants' request for extension of time to January 30, 2009, to respond to plaintiff's requests for production of documents and admissions and interrogatories. Defendant Fry is currently working out of CDCR headquarters, but frequently travels out of state for extensive periods of time. Defendants' Opposition, Hung declaration, ¶ 5. Due to defendant Fry's unavailability caused by her travel schedule, defense counsel could not complete defendant Fry's responses to plaintiff's discovery requests by January 30, 2009. Id. Nevertheless, defense counsel served plaintiff with defendant Fry's objections to the discovery on January 30, 2009. Id. Defense counsel also wrote plaintiff a letter on February 2, 2009, advising him of the situation. Id. On February 27, 2009, defense counsel personally spoke with plaintiff at his deposition and told him that she was still trying to finalize defendant Fry's responses to the discovery requests. Id.

On March 2, 2009, defense counsel served plaintiff with defendant Fry's supplemental responses to the discovery requests. Copies of defendant Fry's supplemental responses to plaintiff's interrogatories and request for admissions are attached to defendants' opposition to the motion to compel. Id., ¶ 8. Defendants did not provide the court with a copy of defendant Fry's supplemental response to plaintiff's request for production of documents.

Defendants' counsel is advised that he does not have the authority to grant counsel unilateral extensions of discovery deadlines to seek a second extension of time to serve plaintiff with defendant Fry's discovery responses. All objections save for valid privileged objections have been waived for this defendant. Because the supplemental responses were served after

plaintiff filed his motion to compel, plaintiff is granted thirty days from the date of this order to file a supplemental motion to compel addressing defendant Fry's supplemental responses. Defendant Fry's response to the supplemental motion to compel is due twenty days thereafter.

*Request for Sanctions/ In Camera Review/Extend Discovery*

Plaintiff argues that defendants should be sanctioned for not adequately responding to his discovery requests. After reviewing the record, the court finds that sanctions are not warranted. Plaintiff has also requested an in camera review which is also not warranted.

In his March 5, 2009, motion to extend the discovery cut-off date, plaintiff appears to argue that his motion to compel should be deemed timely. Because the discovery cut-off date was March 6, 2009, the motion to compel is timely. Accordingly, the motion to extend the discovery cut-off date is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 5, 2009, motion to extend the discovery cut-off date (no. 55) is denied;

2. Plaintiff's March 5, 2009, motion to compel (no. 56) is denied but for the discovery requests addressed to defendant Fry; the motion to compel addressed to defendant Fry is vacated; plaintiff is granted thirty days from the date of this order to file a supplemental motion to compel addressing defendant Fry's supplemental responses; defendants' response to this motion to compel is due twenty days thereafter.

DATED:   06/12/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

mor2936.com