IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

        Plaintiff,                No. CIV S-06-2936 LKK GGH P

        vs.

D. HICKSON, et al.,

        Defendants.        ORDER

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's July 7, 2009, motion to compel defendant Fry to provide further responses to interrogatories, requests for admissions and requests for production of documents.  For the following reasons, the court orders that plaintiff's motion is granted in part and denied in part.

        For the following reasons, the court reiterates that defendant Fry's objections to *all* at-issue discovery requests, save for valid privilege objections, are waived.

        On June 12, 2009, the court issued an order addressing plaintiff's March 5, 2009, motion to compel and for sanctions.  In this order, the court vacated the motion to compel as to defendant Fry because defendant Fry had served plaintiff with supplemental responses to

1

1   discovery requests after the motion to compel was filed.  The court granted plaintiff thirty days to

2   file a renewed motion to compel as to defendant Fry.  The court further ordered that all

3   objections save for valid privilege objections had been waived as a sanction for counsel granting

4   herself an extension of time to file the supplemental responses.

5              In opposition to the pending motion to compel, defendant Fry states that she did

6   not supplement her responses to the request for production of documents.  For that reason,

7   defendant argues that the order finding objections waived save for valid privilege objections does

8   not apply to her responses to the requests for production of documents.

9              In the declaration submitted in support of the opposition to plaintiff's earlier

10  motion to compel, counsel stated:

11          6.  Because I had difficulty establishing communication with Ms. Fry around the
            time period that her discovery responses were due on January 30, 2009 so that I
12          could confirm their accuracy and obtain executed verifications, I served Ms. Fry's
            objections to Interrogatories, Requests for Admissions, and Request for
13          Production of Documents to preserve the objections.  I also wrote plaintiff on
            February 2, 2009, to explain, among other issues, that I had served Ms. Fry's
14          objections to discovery so as not to waive them.  This letter is attached to
            plaintiff's motion to compel as Exhibit 5.  (CR 57 page 20-126.)  On February 27,
15          I personally saw Plaintiff for his deposition at Folsom State Prison, and I
            explained to him that I had served objections because Ms. Fry traveled frequently
16          for work and that Defendant and I were not trying to be difficult or uncooperative.
            Plaintiff verbally stated his knowledge and understanding of this.
17
            8.  On March 2, 2009, Ms. Fry's supplemental objections and responses to
18          Interrogatories (set 1) were served.  Attached hereto as Exhibit A is a true and
            correct copy.
19
            9.  Because the number of requests in the Requests for Admissions (set 1), and the
20          extensive time required for me to work with Ms. Fry on several occasions to
            prepare her responses during the time period she was available, I needed
21          additional time to finalize her responses to the Requests for Admissions and
            obtain her executed verification, her supplemental objections and responses to the
22          Requests for Admissions (set 1) were served on April 7.  Attached hereto as
            Exhibit B is a true and correct copy of the supplemental responses.
23

24          Counsel's February 2, 2009, letter to plaintiff stated, in relevant part,

25          On January 16, 2009, the Court granted my request for an extension of time to
            serve my clients' discovery responses, up to and including, January 30, 2009.  The
26          Court should have served you with a copy of this Order.

1          *******

2          Please be advised that due to Defendant Fry's out-of-state travel for work, I served
           Defendant Fry's objections to your discovery requests on January 30, 2009, in
3          order to preserve her objections and not inadvertently waive them.  I am working
           with Defendant Fry to provide supplemental responses to your extensive
4          discovery requests and will be serving them shortly.

5     Court file document 57, p. 21 of 126.

6          In the June 12, 2009, order, the court observed that on March 2, 2009, counsel

7     served plaintiff with defendant Fry's supplemental responses to interrogatories and requests for

8     admissions, but did not provide the court with a copy of defendant Fry's supplemental responses

9     to the request for production of documents.  The court then went on to find that counsel had

10    waived all objections but valid privilege objections:

11         Defendants' counsel is advised that he does not have the authority to grant counsel
           unilateral extensions of discovery deadlines to seek a second extension of time to
12         serve plaintiff with defendant Fry's discovery responses.  All objections save for
           valid privileged objections have been waived. Because the supplemental
13         responses were served after plaintiff filed his motion to compel, plaintiff is
           granted thirty days from the date of this order to file a supplemental motion to
14         compel...

15    June 12, 2009, order, p. 10.

16         The court found that defendant had waived all objections but for valid privilege

17    objections as a sanction for counsel granting herself an extension of time to respond to the

18    discovery requests.  Counsel's February 2, 2009, letter to plaintiff did not state that counsel did

19    not require additional time to prepare a supplemental response to the request for production of

20    documents.  Rather, the letter stated that counsel intended to serve plaintiff with supplemental

21    responses to his "extensive discovery requests."  Based on this statement, counsel reserved the

22    right to serve plaintiff with supplemental responses to his request for production of documents if

23    she so chose.

24         The bottom line is that counsel granted herself a request for extension of time to

25    serve plaintiff with supplemental responses to all of his discovery requests, including the request

26    for production of documents.  On this basis the court found all objections, but for valid privilege

3

1   objections, waived.  That counsel chose not to serve plaintiff with supplemental responses to the

2   request for production of documents does not change the grounds on which the sanction was

3   imposed.

4    Background

5           To put plaintiff's motion in context, the court will describe the claims on which

6   this action is proceeding.  This action is proceeding on the original complaint filed December 29,

7   2006, as to defendants Hickison, Fry and Herrera.[1]

8           Plaintiff alleges that on May 18 or 19, 2005, defendant Hickison made sexually

9   inappropriate comments to him at his prison job.  Plaintiff also alleges that defendant Hickison

10  rubbed and touched his back.  On May 24, 2005, defendant Hickison started yelling at inmate

11  workers to get the carts out and take them to the building.  Plaintiff told defendant's supervisor

12  that this could not be done.  Defendant Hickison told plaintiff that she would write him a chrono

13  and give him an "A" day.  She did not say that she was going to file a rules violation report

14  against him.

15          On May 24, 2005, defendant Hickison was informed that plaintiff was going to

16  file a staff complaint against her based on the sexual harassment.  On May 25, 2005, defendant

17  Hickison retaliated against plaintiff for his threat to file the staff complaint by dismissing him

18  from his job and writing a false rules violation report.  Plaintiff was later found not guilty of the

19  rules violation report.

20          Plaintiff alleges that on June 20, 2005, defendants Fry and Herrera retaliated

21  against plaintiff for pursuing his staff complaint against defendant Hickison by putting him in

22  administrative segregation (ad seg).  On August 12, 2005, defendant Fry retaliated against

23  plaintiff again by placing a negative chrono in his C-file.  Plaintiff was later transferred to a

24  different prison.

25  _____

26          [1] The claims against the other defendants named in the complaint have been dismissed.

4

1     As legal claims, plaintiff alleges that defendant Hickison violated his Eighth

2 Amendment rights by sexually harassing him.  Plaintiff also alleges that defendant retaliated

3 against him for exercising his First Amendment rights.

4 Discussion

5          *Request for Production of Documents*

6          Plaintiff challenges defendant Fry's responses to request for production of

7 documents nos. 1-9.  The court will only address the valid privilege objections raised as to each

8 request.

9          Request no. 1: "Each and every document that refers or relates to the training

10 Defendant Hickison received in how to interact with inmates."  Defendant objected that

11 disclosure of these documents would violate defendant Hickison's state law right to privacy, the

12 documents may be protected by attorney-client privilege and the work product doctrine and that

13 she did not have the requested documents within her possession, custody or control.

14          Request no. 2: "Each and every document that you referred to in answering the

15 complaint."  Defendant objected that the disclosure of the documents would violate defendants'

16 right to privacy under state law, and the documents may be protected by the attorney-client and

17 work product doctrine.

18          Request no. 3: "Each and every document that pertaining to the investigation

19 concerning Plaintiff's Morris's allegation that Defendant Hickison made sexual comments and

20 lude [sic] remarks to him between January 1, 2005 and May 31, 2005."  Defendant objected that

21 disclosure of these document would violate defendant Hickison's right to privacy under state

22 law, disclosure of the documents would compromise the safety and security of inmates and

23 prison staff and violate their right to privacy, the documents may be protected by the attorney-

24 client privilege and attorney work product doctrine, and the documents are not within defendant's

25 possession, custody or control.

26 \\\\\

1        Request no. 4: "Each and every document that pertaining to the investigation

2   concerning Inmate Lancaster E-96955 allegation that Defendant Hickson made sexual and lude

3   [sic] remarks to Plaintiff Morris between January 1, 2005, and May 31, 2005."  Defendant

4   objected that disclosure of the requested documents would violate defendant Hickison's right to

5   privacy, disclosure of the documents would compromise the safety of institution and inmates

6   (including inmate Lancaster) and prison staff.

7        Request no. 5: "Each and every document pertaining to Plaintiff Morris's work

8   performance while assigned to the Solano Prison clothing distribution."  Defendant objected that

9   the requested documents were not within her possession, custody or control.

10       Request no. 6: "Each and every document pertaining to reports of a staff

11  misconduct against Defendant Hickson, Fry, and Herrera while employed by CDCR."  Defendant

12  objected that the requested documents were not within her custody, possession or control and that

13  disclosure of the documents would violate the privacy rights of defendant.

14       Request no. 7: "Each and every document that refers or relates to the policies and

15  procedures that must be followed when an inmate alleges staff misconduct of a sexual nature."

16  Defendant objected that the requested documents were not within her possession, custody or

17  control.

18       Request no. 8: "Each and every document that refers or relates to the policies and

19  procedure that must be followed when an inmate alleges staff misconduct of retaliation."

20  Defendant objected that the requested documents were not within her possession, custody or

21  control.

22       Request no. 9: "Each and every document that you identified in your responses to

23  plaintiff's interrogatories to Defendant Fry [set no. 1.]."  Defendant incorporated all of the

24  objections asserted to plaintiff's interrogatories.

25       In the motion to compel, plaintiff argues that because defendant Fry jointly

26  responded to an earlier request for production of documents, her claim that she does not have

1   access to documents is disingenuous.  Plaintiff also argues that defendant's objections of privacy,

2   attorney-client and work-product privilege are not directed to any particular document.

3   In opposition, defendant argues that her responses were appropriate.  In response

4   to request nos. 1, 3, 5, 6, 7 and 8 defendant Fry stated that she did not have the requested

5   documents in her custody, possession or control.  In the opposition, defendant also argues that

6   she does not have the requested documents sought in request nos. 2 and 4 in her custody,

7   possession or control.  In counsel's declaration attached to the opposition, counsel states that

8   defendant Fry no longer works at California State Prison-Solano, where plaintiff was housed in

9   2005, or at Folsom State Prison, where he is currently housed.  Defendant Fry works out of

10  CDCR headquarters.  Regarding request no. 2, which seeks all documents referred to in the

11  complaint, the opposition states that the only documents in defendant's possession or control

12  would be those documents attached to plaintiff's pleadings, which he already possesses.

13  Defendant's "objection" that the documents sought in request for production of

14  documents are not in her custody, possession or control is a valid response.  Defendant no longer

15  works at the prison where the deprivations allegedly occurred.  That defendant jointly responded

16  to an earlier request for production of documents does not undermine this request.  One of the

17  other two defendants apparently had in their possession the requested documents.  For these

18  reasons, the motion to compel is denied as to these requests.  The court need not address

19  defendant's other privilege objections.

20  As for request no. 9, plaintiff's motion to compel does not specifically address the

21  documents referred to by defendant in response to interrogatories.  It is not the court's duty to

22  review all of the interrogatory responses to determine whether any of the documents defendant

23  referred to should not produced.  Because the motion to compel as to this request is not

24  adequately supported, the motion to compel as to request no. 9 is denied.

25  \\\\\

26  \\\\\

1    *Interrogatories*

2    Plaintiff objects to defendant's responses to interrogatories nos. 1, 3, 7, 13, 15 and

3    17.

4    Interrogatory no. 1 asks,

5    For each and every individual that took any part in the investigation of plaintiff
     Morris's allegation that Defendant Hickison made sexual comments and lude [sic]
6    remarks to him between January 1, 2005 and May 31, 2005, please state the
     following:
7    (a) their name, title, address, and telephone number;
     (b) description of the part they took in the investigation; and
8    (c) description of each and every fact they discovered.

9    Interrogatory no. 3 asked,

10   For each and every individual that gave an oral or written statement concerning
     the investigation of plaintiff Morris's allegations that defendant Hickison made
11   sexual comments and lude [sic[ remarks to him between January 1, 2005 and May
     31, 2005, please state the following:
12   (a) the date the statement(s) were made;
     (b) whether the statements were oral or written;
13   (c) the name, address and telephone number of the individual(s) who made the
     statement(s);
14   (d) the name, address and telephone numbers of the individual(s) who heard the
     statement(s);
15   (e) the name, address and telephone number of the individual(s) who possess the
     statement(s) if they are written or were recorded.

16

17   Defendant's supplemental response to interrogatories nos. 1 and 3 is identical.  In

18   her supplemental response, defendant objected that these interrogatories sought information

19   related to the institution's policies, procedures and investigations, and that disclosure of such

20   information would compromise the safety and security of inmates, violating their right to privacy.

21   Without waiving objection, defendant answered that she did not recall; she was not personally

22   involved in any such investigation and she has no personal knowledge or information of who

23   took part in it.  Defendant referred plaintiff to the August 5, 2005, Confidential Information

24   Disclosure Form, attached as exhibit 8 to plaintiff's request for admission, set one.  Moreover, in

25   a confidential investigation, the identities of any witnesses who provided information and the

26   information obtained, are privileged and confidential, and not disclosed to the inmate due to

1   institutional safety and security.

2          In the motion to compel, plaintiff argues that defendant Fry's claim that she does

3   not recall, has no personal knowledge of the investigation and has no personal knowledge of who

4   took part in it is disingenuous.  In support of this argument, plaintiff refers to an Administrative

5   Segregation Placement Notice form attached as an exhibit to his motion to compel.  Exhibits, p.

6   241.  This form was signed by defendant Herrera on June 20, 2005, and states that plaintiff was

7   placed in administrative segregation on that date because he made an allegation of staff

8   misconduct.  The form contains a section titled "Administrative Review."  This section contains

9   defendant Fry's signature on June 21, 2005, and seems to include her decision to retain plaintiff

10  in administrative segregation pending a review by the Institutional Classification Committee

11  because plaintiff's release to the general population would jeopardize the integrity of the

12  investigation.

13         In the opposition to the pending motion to compel, defendant addresses only

14  interrogatory no. 3.  Defendant states that she cannot provide contact information regarding

15  inmate witnesses when she was not part of any such investigation and has no personal knowledge

16  or information regarding it.  Defendant observes that plaintiff does not contend that defendant

17  was part of the investigation or otherwise privy to the inmate witnesses' confidential identifies or

18  details.

19         The Administrative Segregation Placement form plaintiff refers to in the motion

20  to compel does not suggest that defendant Fry was part of the investigation.  That defendant Fry

21  reviewed the decision to place plaintiff in administrative segregation does not prove that she was

22  part of the investigation or otherwise had knowledge of the witnesses involved.  Because plaintiff

23  does not appear to claim, or provide evidence, that defendant Fry was part of the investigation,

24  defendant's response to interrogatories nos. 1 and 3 that she was not personally involved and has

25  no knowledge of it is valid.  Accordingly, the motion to compel as to these interrogatories is

26  denied.

1    Interrogatory no. 7 asked, "Please state each and every fact used to make the

2    determination that plaintiff Morris should be placed in administrative segregation on June 20,

3    2005, based on his allegation of staff misconduct by defendant Hickison."   In her supplemental

4    response, defendant objected that the information sought was related to the institution's policies,

5    procedures and investigations, and that disclosure of the information could compromise the

6    safety and security of inmates and prison staff and violate their right to privacy.  Without waiving

7    said objections, defendant responded that plaintiff was placed in administrative segregation on

8    June 20, 2005, in accordance with the California Code of Regulation, Title 15 section 3335(a),

9    which states in relevant part: "When an inmate's presence in an institution's general inmate

10   population presents an immediate threat to the safety of the inmate or others, endangers

11   institutional security or jeopardizes the integrity of an investigation of an alleged serious

12   misconduct or criminal activity, the inmate shall be immediately removed from general

13   population and placed in administrative segregation."

14       In the motion to compel, plaintiff objects that defendant Fry did not state why he

15   was placed in administrative segregation.  In the opposition, defendant states that this

16   interrogatory was also part of plaintiff's prior motion to compel further responses from defendant

17   Herrera, and the court determined that defendant Herrera's response, which was substantially

18   identical to defendant Fry's response, was adequate.

19       Defendant Herrera responded to this interrogatory that "[i]n accordance with

20   institution policies and procedures, inmate Morris made allegations of staff misconduct and he

21   was re-housed in administrative segregation to protect the integrity of the investigation because

22   he was deemed a threat to the safety and security of the institution."   The court found adequate

23   defendant Herrera's response that plaintiff was placed in administrative segregation because he

24   was deemed a threat to the safety and security of the institution based on his allegations of staff

25   misconduct.  Defendant Fry, on the other hand, did not offer the same response as defendant

26   Herrera.  Instead, defendant Fry quoted from the regulations.

1    Plaintiff's objection that defendant Fry did not state why plaintiff was placed in

2    administration segregation has merit.  Accordingly, within ten days of the date of this order,

3    defendant Fry shall provide a further response to this interrogatory.  Defendant's objection that

4    responding to this interrogatory would violate the safety and security of inmates and prison and

5    violate their right to privacy is without merit.  Other than the conclusory assertion of this

6    objection, defendant does not specifically explain how disclosing why plaintiff was placed in

7    administrative segregation implicates safety and privacy concerns.

8    Interrogatory no. 13 asked, "Please state each and every fact used to make the

9    determination that plaintiff Morris should not be placed in administrative segregation on May 31,

10   2005, based on his allegation of staff misconduct by defendant Hickison which was presented in

11   the CDC 602 appeal (Log No. 05-01528)."

12   In opposition to the motion to compel, defendant observes that this interrogatory

13   was also part of plaintiff's prior motion to compel against defendant Herrera.  The court found

14   this interrogatory to be confusing and non-sensical.  Defendant argues that her response was

15   appropriate as the interrogatory was confusing and practically impossible to answer.

16   While the court found that defendant waived all objections but for valid privilege

17   objections, the court cannot require defendant to respond to an interrogatory which the court does

18   not understand.  Because interrogatory no. 13 is confusing, no further response is required.

19   Interrogatory no. 15 asked, "Please state each and every fact used as the basis for

20   transferring plaintiff Morris from Solano State Prison to Avenal State Prison."

21   In her supplemental response, defendant objected to this interrogatory on grounds

22   that as currently phrased, it sought information regarding the institution's policies, procedures

23   and investigations which, if disclosed, could compromise the safety and security of inmates and

24   prison staff and violate their rights of privacy and confidentiality.  Without waiving objections,

25   defendant responded that she does not know, because she did not personally make or participate

26   in the decision to transfer plaintiff to Avenal.  Defendant referred plaintiff to exhibit 13 (attached

11

1  to his request for admissions, set one) dated October 6, 2005, in which defendant, along with the

2  other members of the ICC elected to refer plaintiff to CSR for recommended transfer to

3  CTF/CMC-W-II with the appropriate security level.

4          In the motion to compel, plaintiff argues that defendant's response contradicts a

5  statement she made in an Administrative Segregation Placement Notice form dated August 15,

6  2005.  See Plaintiff's Exhibits to Motion to compel, p. 244.  This form contains a statement by

7  C.L. Parks on August 12, 2005, regarding why plaintiff was retained in administrative

8  segregation.  C.L. Parks states that following an investigation into plaintiff's allegations against

9  defendant Hickison, it was determined that plaintiff's allegations were complete fabrications but

10 there was insufficient information gathered to support a finding of guilt at a disciplinary hearing.

11 C.L. Parks states that plaintiff is being retained in administrative segregation until he can be

12 transferred to an alternate institution.

13          On August 15, 2005, defendant Fry signed the Administrative Segregation

14 Placement Notice form as part of an administrative review.  Defendant Fry agreed that plaintiff

15 should be retained in administrative segregation because his release to the general population

16 posed a danger to staff.

17          The form plaintiff cites in his motion to compel, and defendant Fry's comments

18 therein, do not demonstrate that she had personal knowledge as to the facts relied on for the

19 decision to transfer plaintiff to Avenal.  Defendant's answer that she does not know the facts

20 behind the decision is adequate.

21          Interrogatory no. 17 asked, "In the event you deny any admission PLAINTIFF'S

22 REQUEST FOR ADMISSIONS TO DEFENDANT FRY [SET NO. 1] in whole or in part, state

23 each and every fact upon which your denial is based."   In her supplemental response, defendant

24 objected to this interrogatory on grounds that as currently phrased, it sought information

25 regarding the institution's policies, procedures and investigations which, if disclosed, could

26 compromise the safety and security of inmates and prison staff and violate their rights of privacy

1    and confidentiality.  Defendant also objected to the interrogatory on grounds that it sought to

2    invade the attorney-client privilege and work product doctrine.

3            In the motion to compel, plaintiff argues that defendant does not identify which of

4    her objections apply to each request for admissions.  While this is true, the motion to compel

5    does not address any specific request for admissions.  Plaintiff does not argue, for example, that

6    defendant's objection are inapplicable to request for admissions no. 4.  Because of the broad

7    scope of interrogatory no. 17, plaintiff's motion to compel regarding this interrogatory is

8    inadequate.

9            *Request for Admissions*

10           At issue are defendant Fry's responses to request for admissions nos. 1, 26, 31 and

11   61.

12           Request for admission no. 1 asked, "Admit that on May 31, 2005, Plaintiff Morris

13   filed a stamp complaint against Defendant Hickison for sexual misconduct via a CDC 602 appeal

14   (Log. No. 05-01528)."  In her supplemental response, defendant objected that the request sought

15   information outside the scope of her personal knowledge that would enable her to admit or deny

16   the request.  Without waiving objection, defendant responded that she was without sufficient

17   knowledge or readily obtainable information to either admit or deny this request, because she was

18   not involved in this appeal regarding plaintiff, and she had no personal knowledge regarding the

19   appeal.

20           In the motion to compel, plaintiff argues that defendant's response conflicts with

21   her production of a CDC 602 appeal in response to plaintiff's first request for production of

22   documents.  Plaintiff's first request for production of documents was addressed to all three

23   defendants.  For that reason, the court does not find that the production of the at-issue CDC 602

24   in response to that request necessarily means that defendant Fry had knowledge of plaintiff's

25   appeal.

26   \\\\\

1    In the motion to compel, plaintiff also argues that defendant's response conflicts

2   with her decision to uphold plaintiff's placement and retention in administrative segregation.

3   The administrative segregation notice plaintiff cites, signed by defendant Fry on June 21, 2005,

4   states, "On June 20, 2005, you Inmate R. Morris, D-13147, 13-B-1-U, are being re-housed in

5   administrative segregation (Ad/Seg).  Specifically, on this date you made allegations of staff

6   misconduct..."  Plaintiff's Exhibits, p. 241.  This form does not state that plaintiff filed a 602 on

7   May 31, 2005.

8    Plaintiff also cites the administrative placement notice form signed by defendant

9   Fry on August 15, 2005.  Plaintiff's Exhibits, p. 244.  This form also makes no mention of a 602

10  filed by plaintiff on May 31, 2005.

11    Defendant's answer that she has no personal knowledge of the appeal because she

12  was not involved in it is an adequate response.

13    Request for admission no. 26 asked, "Admit that on June 20, 2005, a hearing was

14  conducted to adjudicate the CDC 115 written by Defendant Hickison against Plaintiff Morris

15  (described in admission no. 15)."  In her supplemental response, defendant objected that the

16  request sought information outside the scope of her personal knowledge that would enable her to

17  admit or deny the request.  Without waiving objection, defendant responded that she was without

18  sufficient knowledge or readily obtainable information to either admit or deny this request,

19  because she was not involved in this appeal regarding plaintiff, and she had no personal

20  knowledge regarding the hearing for the Rules Violation Report."

21    Plaintiff argues that defendant's response conflicts with her production of a CDC

22  602 appeal in response to plaintiff's first request for production of documents.  Plaintiff's first

23  request for production of documents was addressed to all three defendants.  For that reason, the

24  court does not find that the production of the at-issue CDC 602 in response to that request

25  necessarily means that defendant Fry had knowledge of the document.  Moreover, it is unclear

26  how production of a response to a CDC 602 demonstrates defendant's knowledge of the

1    disciplinary hearing.

2             Plaintiff also argues that defendant's response conflicts with her use of the events

3    of the disciplinary hearing to place plaintiff in administrative segregation.  The court has

4    reviewed the administrative placement form cited by plaintiff and finds that it does not discuss

5    the disciplinary hearing.  See Plaintiff's Exhibits, p. 241.

6             Defendant's response to request no. 26 that she could not admit or deny the

7    request because she had no personal knowledge of the rules violation report is adequate.

8             Request no. 31 asked, "Admit that from May 31, 2005 through June 19, 2005,

9    plaintiff Morris was not placed in administrative segregation at Solano Prison based on his

10   allegations of staff misconduct against Defendant Hickison."  In her supplemental response,

11   defendant objected that the request sought information outside the scope of her personal

12   knowledge that would enable her to admit or deny the request.  Without waiving objection,

13   defendant responded that she was without sufficient knowledge or readily obtainable information

14   to either admit or deny this request, because she was not involved in this appeal regarding

15   plaintiff, and she had no personal knowledge or recollection of plaintiff's placement in

16   administrative segregation during May 31, 2005, through June 19, 2005.

17            The court does not understand request no. 31.  It is unclear if plaintiff is asking

18   defendant to admit that he was placed in administrative segregation from May 31, 2005, for

19   reasons other than his allegations of staff misconduct, or whether is asking defendant to admit

20   that between those dates he was not placed in administrative segregation at all.  Although

21   defendant does not specifically argue that he does not understand the request, she made this

22   argument regarding the similarly worded interrogatory no. 13.  The court cannot order a further

23   response to a discovery request that it does not understand.  For that reason, the motion to compel

24   as to request no. 31 is denied.

25            Request no. 61 asked, "Admit that the document(s) attached hereto as exhibit 3

26   are true and correct copies of CDC 602 Appeal, dated May 31, 2005, and responses (Log No.

1    CSP S-05-01528), and said document(s) is entitled to be admitted in evidence herein pursuant to

2    Rule 803(6), Federal Rules of Evidence."  In her supplemental response, defendant objected that

3    the request sought information outside the scope of her personal knowledge that would enable

4    her to admit or deny the request.  Without waiving objection, defendant responded that she was

5    without sufficient knowledge or readily obtainable information to either admit or deny this

6    request, because she did not create, was not the recipient of, and does not have personal

7    knowledge regarding the documents plaintiff attached to this request as Exhibit 3.

8              In essence, request no. 61 asks defendant Fry, a non-lawyer, for a legal opinion.

9    Surprisingly, defendant's response does not mention this issue in her response to request no. 61.

10   In any event, defendant's response that she cannot admit or deny whether the documents are true

11   and correct copies because she did not create them is adequate.  No further response is required.

12             Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (no.

13   65) is granted with respect to interrogatory no. 7; within ten days of the date of this order,

14   defendant shall provide plaintiff with a supplemental answer to interrogatory no. 7; the motion to

15   compel is denied in all other respects.

16   DATED: 09/15/09                                      /s/ Gregory G. Hollows

17                                                        UNITED STATES MAGISTRATE JUDGE

18

19
     mo2936.com(2)
20

21

22

23

24

25

26